JAMES B. STEPHENS and WILLIAM H. FRUSH, Plaintiffs in Error, *v.* DAVID POWELL, Defendant in Error.

*Error to Multnomah.*

Where a charter for a ferry recites, that it "shall be subject to the same regulations, &c., as other ferries are, or *may hereafter be*, by the laws, &c., fixing the rates of toll," &c., the rates·of ferriage are subject to change by future legislation.

THIS action was originally brought before a justice of the peace of Multnomah County, to recover illegal ferriage, demanded and received by plaintiffs in error of Powell, at their ferry, in Multnomah County ; and, also, to recover the penalty for demanding and receiving such illegal rates of ferriage ; which penalty is provided for in section fifty of the act of the legislature, relating to roads and ferries.

*W. L. McEwen*, for plaintiffs in error.

*Williams & Gibbs*, for defendant in error.

BOISE, J.    Plaintiffs in error claim their ferry rights under a charter to plaintiff, Stephens, from the legislature, passed January 17th, 1853, and continuing for the term of ten years ; and they claim that the county commissioners of the proper county, (who, by the charter, had authority to fix the rates of toll for this ferry,) having exercised the authority, and fixed such rates, under the provisions of the statute of 1854, section fifty, such rates became a vested right in Stephens, which the legislature could not impair during the continuance of the charter.

But the legislature did, by act passed January 17th, A. D. 1857, provide, that " the county commissioners of the several counties be authorized to fix, alter and establish, from time to

time, the rates of ferriage to be levied and collected at all ferries now established, or hereafter to be established by law, within the then " territory of Oregon ;" and the commissioners of Multnomah County, in pursuance of this act, proceeded to reduce the rates at the ferry of the plaintiffs in error. But the plaintiffs in error did not recognise any authority to make such reduction, and continued to demand and receive the rates established prior to the passage of the act of the 17th of January, 1857 ; and the only question presented for the consideration of this court is, had the said commissioners authority to make such reduction ?

The charter, under which the plaintiffs in error claim, after making the grant of the ferry privilege, contains a *proviso* in these words, " provided that said ·ferry, when established, shall be subject to the same regulations, and under the ·same restrictions, as other ferries are, or *may hereafter be*, by the laws of this territory, fixing the rates of toll, and prescribing the manner in which licensed ferries shall be kept and regulated." It is clearly indicated by this provision of the charter, that the legislature intended that the ferry rates of this ferry should be fixed by the local authorities of the county where it was situated ; and the only question is, whether they were to remain subject to future legislation.

If the charter had simply provided that this ferry should be subject to the same regulations, and under the same restrictions, as other ferries are by the laws of this territory, fixing the rates of toll, and prescribing the manner, &c., leaving out the words " or may hereafter be," then the regulations and restrictions referred to, being the then existing laws of the country, would have become a part of the charter, and there being no proviso to alter it, the same would have remained unalterable during the existence of the charter ; but the legislature did *provide*, that this ferry should be subject to be affected by any further legislation on the subject of ferries, restricting the matters of toll and otherwise. The words " *or may hereafter be*," refer to future action of the legislature, and are susceptible of no other construction. We conclude, there-

fore, that this ferry became subject to the law of the 17th of January, 1857, and was liable to the action of the county commissioners in reducing the tolls; and that the court below was right in instructing the jury, that the county commissioners had authority to alter the rates of ferriage at this ferry.

Judgment below affirmed.